UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Adelman, *et al.*, | ) |
|     Plaintiffs, | )   2:15-cv-00190 JWS |
|     vs. | )   ORDER AND OPINION |
| Rheem Manufacturing Company, | )   [Re: Motion at Docket 64] |
|     Defendant. | ) |

### I.  MOTION PRESENTED

At docket 64 defendant Rheem Manufacturing Company ("Rheem") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss certain counts of the Second Amended Complaint ("SAC") filed by plaintiffs Craig Adelman ("Adelman"), Jason McGee ("McGee), Ronald Plucinski ("Plucinski"), Kenneth Holdeman ("Holdeman"), and Paul Sklar ("Sklar") (collectively, "Plaintiffs").  Plaintiffs oppose at docket 32.  Rheem replies at docket 38.  Oral argument was not requested and would not assist the court.

### II.  BACKGROUND

This case is a putative class action brought by consumers of allegedly defective air conditioners, air handlers, and heat pumps manufactured by Rheem.  Plaintiffs allege that the copper evaporator and condenser coils in these products are defective because they leak refrigerant.  The SAC contains the following seven causes of action:

(1) declaratory relief; (2) breach of Rheem's express warranties; (3) violation of the Magnuson-Moss Warranty Act ("MMWA"); (4) unjust enrichment; (5) breach of Rheem's express warranties under Arizona law; (6) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA");[1] and (7) violation of Louisiana's Redhibition Law.[2] Rheem's present motion attacks Counts 1, 4, 6, and 7.

## III.  STANDARD OF REVIEW

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[3] To be assumed true, the allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[4] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[5] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[6]

To avoid dismissal, a plaintiff must plead facts sufficient to "'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] Doc. 19.

[2] LA. CIV. CODE art. 2520 et seq.

[3] Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997).

[4] Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

[5] Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

[6] Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001).

[7] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

defendant is liable for the misconduct alleged."[8] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[9] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[11]

## IV.  DISCUSSION

**A.   Redhibition**

The SAC alleges that Sklar is a Louisiana resident who purchased an air conditioning unit manufactured by Rheem.[12] Within three years the unit had stopped cooling his home because its copper coil was leaking refrigerant. Sklar claims that he would not have purchased the unit if he had known that Rheem's copper coils were defective and were known to fail prematurely.

Sklar alleges a redhibition cause of action under Louisiana law.[13] Under Louisiana law, a buyer has a warranty against "redhibitory defects, or vices, in the thing sold."[14] A defect is redhibitory if it (a) "renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect" or (b) "diminishes [the thing's] usefulness or its value so

---

[8]*Id.*

[9]*Id.* (citing *Twombly*, 550 U.S. at 556).

[10]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[11]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr*, 652 F.3d at 1216.

[12]Doc. 55 at 13.

[13]*Id.* at 55-56.

[14]LA CIV. CODE art. 2520.

that it must be presumed that a buyer would still have bought it but for a lesser price."[15] If a seller is found to have violated this warranty, the buyer is entitled to various statutory remedies.

Rheem challenges this cause of action on two grounds: (1) the alleged defect cannot be redhibitory because it was apparent to Sklar; and (2) even if the defect is redhibitory, Sklar does not allege that Rheem was given an opportunity to repair the alleged defect and failed to do so.[16] As discussed below, neither challenge has merit.

### 1. Whether the defect was apparent to Sklar

Not all defects are redhibitory. "Apparent defects, which the buyer can discover through a simple inspection, are excluded from the seller's legal warranty."[17] Redhibitory defects are limited to those that (a) were not known to the buyer and (b) would not have been discovered by a reasonably prudent buyer.[18]

Rheem argues that the SAC fails to state a redhibition claim because the defect would have been discovered by a reasonably prudent buyer for two reasons. First, Rheem argues that Sklar should have discovered that his Rheem product contained a copper coil from a simple visual inspection, or from visiting Rheem's website.[19] But this argument misses the point. The pertinent fact is not that the coil was copper, but rather, that copper coils are defective. Rheem does not contend that this fact is posted on its website, or can be ascertained from a visual inspection. This argument fails.

---

[15]*Id.*

[16]Doc. 64 at 13.

[17]*Royal v. Cook*, 984 So. 2d 156, 163 (La. Ct. App. 2008) (citing LA. CIV. CODE art. 2521). *See also* LA. CIV. CODE art. 2521 cmt. (b) to 1993 revision ("[A] defect is not hidden, and therefore not redhibitory, when the buyer knows of it either because it was disclosed by the seller or because the buyer discovered it by himself.").

[18]LA. CIV. CODE art. 2521.

[19]Doc. 64 at 11.

Second, Rheem points out that Plaintiffs allege "industry-wide acknowledgment" of the problems with copper tubing and that numerous complaints have been posted on the internet about Rheem's copper coils.[20] This shows that Sklar "*could have discovered*, upon reasonable inspection and through publicly available information," that copper coils are susceptible to corrosion.[21] Again, Rheem misstates the relevant question.  The question is not whether it was possible for Sklar to have learned that copper coils corrode prematurely—it is whether a reasonably prudent buyer without special knowledge would know this.[22] According to the Louisiana Supreme Court, a court must presume that a reasonably prudent buyer's "simple inspection" of the property is informed by knowledge of commonly-understood facts.  For example, real estate buyers who live in New Orleans are presumed to know that old buildings in New Orleans are prone to termite infestations.[23] But here, Rheem has not shown that it is a matter of common knowledge that copper coils are prone to premature corrosion. Rheem's argument fails.

---

[20]Doc. 55 at 26 ¶ 77, 36-41 ¶¶ 103-105.

[21]Doc. 64 at 12 (emphasis added).

[22]LA. CIV. CODE art. 2521 cmt. (c) to 1993 revisions (The standard of diligence that must be exercised by the buyer in determining whether the thing purchased is defective is that of a prudent administrator.").  *See Barker v. Tangi Exterminating Co.*, 448 So. 2d 690, 692 (La. Ct. App. 1984) ("Simple inspection is one made by a reasonably prudent buyer, *with no special knowledge*, and under no obligation to deface the thing purchased while inspecting it.") (emphasis added); *Ollis v. Miller*, 886 So. 2d 1199, 1203 (La. Ct. App. 2004) ("The buyer . . . is under no obligation to inspect with expertise or to deface the thing purchased while inspecting it.").

[23]*Pursell v. Kelly*, 152 So. 2d 36, 41 (La. 1963) ("The evidence shows that termite damage in old buildings situated in the city of New Orleans is prevalent and, indeed, we think this to be a fact within the common knowledge of most persons living in this vicinity Hence, it is reasonable to charge plaintiffs with knowledge that the old building they were buying might be infested with termites.").

### 2. Sklar need not prove that he gave Rheem an opportunity to fix the defect

A seller's liability for a redhibitory defect depends on whether he acted in good faith or bad; in other words, whether he knew of the defect at the time of sale.[24] Out of concerns for fairness and judicial economy,[25] Louisiana law provides good faith sellers with "an opportunity to repair the thing before a redhibitory action can be brought."[26] It provides bad faith sellers no corresponding right.[27] If the seller also manufactured the product, the law presumes that the seller acted in bad faith.[28]

Rheem argues that Sklar fails to state a claim for redhibition because he does not allege that he gave Rheem an opportunity to fix the defect before litigation. This argument fails because Rheem manufactured the allegedly defective product. As the manufacturer, Rheem is presumed to be a bad faith seller, and Sklar is not required to prove that he gave Rheem a chance to correct the defect before litigation.

### B. FDUTPA

Citing district court opinions from Florida that hold that Rule 9(b) applies to FDUTPA claims,[29] Rheem argues that Plaintiffs' FDUTPA claim should be dismissed

---

[24]A good faith seller's liability is governed by article 2531, a bad faith seller's liability is governed by article 2545.

[25]1993 La. Sess. Law Serv. Act 841 § 1 (H.B. 106) ("It is fair to allow the good faith seller to correct remediable defects in the thing sold. To provide otherwise would, in most cases, merely favor the welsher and promote litigation.").

[26]*Dickerson v. Begnaud Motors, Inc.*, 446 So. 2d 536, 539 (La. Ct. App. 1984).

[27]*See Dickerson*, 446 So. 2d at 539; 1993 La. Sess. Law Serv. Act 841 § 1 (H.B. 106) ("[W]hile the obligor in good faith who has failed to perform his contractual obligations is liable only for those damages that were foreseeable at the time of the agreement, the obligor in bad faith is liable for all damages sustained by the obligee that flowed directly from the obligor's nonperformance, regardless of whether those damages were foreseeable.").

[28]LA. CIV. CODE art. 2545 ("A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing.").

[29]*See, e.g., Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1333 (S.D. Fla. 2012).

1 because it fails to satisfy Rule 9(b)'s heightened pleading requirements.  Plaintiffs argue
2 that Rule 9(b) does not apply to FDUTPA claims, and they support this argument with
3 different Florida district court cases.[30]  Alternatively, Plaintiffs argue that even if Rule
4 9(b) applies their FDUTPA cause of action is stated with sufficient particularity.

5   Although the court acknowledges the split of authority among Florida district
6 courts regarding whether Rule 9(b) applies to FDUTPA claims, this court is bound to
7 apply Ninth Circuit precedent.[31]  The Ninth Circuit has made clear that Rule 9(b) applies
8 to all averments that "sound in fraud," even where the cause of action does not require
9 proof of all of the elements of fraud[32] and where the plaintiff challenges other, non-
10 fraudulent conduct within the same cause of action.[33]  Because Plaintiffs concede that
11 their FDUTPA claim avers fraudulent conduct, Rule 9(b) applies.

12   Rule 9(b) requires that "a party must state with particularity the circumstances
13 constituting fraud."[34]  "Averments of fraud must be accompanied by 'the who, what,
14 when, where, and how' of the misconduct charged."[35]  The plaintiff must include enough
15 detail to put the defendant on notice of the particular misconduct alleged "'so that they

---

[30]*See, e.g., Galstaldi v. Sunvest Communities USA, LLC*, 637 F. Supp. 2d 1045, 1058 (S.D. Fla. 2009).

[31]*See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) ("The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal.").

[32]*Id.* at 1103 ("Vess is correct that fraud is not an essential element of the California statutes on which he relies.  But he is not correct in concluding that his averments of fraud therefore escape the requirements of" Rule 9(b).) (citation omitted).

[33]*See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Where fraud is not an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard."); *Vess*, 317 F.3d at 1104 ("[A] plaintiff may choose . . . to allege some fraudulent and some non-fraudulent conduct.  In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements.").

[34] Fed. R. Civ. P. 9(b).

[35]*Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)).

can defend against the charge and not just deny that they have done anything wrong.'"[36]

In order to state a claim for damages under the FDUTPA, Plaintiffs must show "'(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.'"[37] Rheem argues that Plaintiffs' FDUTPA count, which seeks damages for Rheem's unspecified "misrepresentations and omissions" that Plucinski and Holdeman were "exposed to,"[38] fails to state a claim because it insufficiently pleads "Rheem's alleged conduct and corresponding state of mind."[39]

Plaintiffs elaborate on their FDUTPA claim earlier in the SAC, alleging that Rheem knew, from a Battelle Laboratories study that it commissioned, that its copper coils were prone to premature failure because of corrosion;[40] it did not disclose this information to Plucinski or Holdeman when they purchased the defective products (omission);[41] and, instead, it affirmatively warranted that the products were free from defects (misrepresentation).[42] Plaintiffs have pleaded with particularity Rheem's unfair or deceptive conduct and state of mind.

---

[36] *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)).

[37] *Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cty., Inc.*, 169 So. 3d 164, 167 (Fla. Dist. Ct. App. 2015) (quoting *Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339, 1348 (S.D. Fla. 2009)).

[38] Doc. 55 at 54 ¶¶ 169, 171.

[39] Doc. 64 at 14; doc. 69 at 7-8.

[40] *See id.* at 25 ¶ 73, 28 ¶ 80, 29 ¶ 82.

[41] *See id.* at 11 ¶ 34, 12 ¶ 38, 25 ¶ 74, 29 ¶ 83.

[42] *See id.* at 32 ¶ 91.

### C. Unjust Enrichment

Rheem's challenge to the SAC's unjust enrichment claim recycles an unsuccessful argument that it raised in its motion at docket 24. For the reasons stated in the court's order at docket 43, this argument is again rejected.

### D. Plaintiffs' Claim for Declaratory Relief

At docket 43 the court dismissed Plaintiffs' declaratory relief claim, finding that it served no useful purpose in clarifying and settling the legal relations in issue. The SAC's slightly revised declaratory relief claim will be dismissed for the same reason.

Actions for declaratory judgments allow parties to adjudicate their respective rights and obligations in cases where the controversy has not yet reached the point where either party may seek a coercive remedy, or where one party could sue for a coercive remedy but has not yet done so.[43] "The remedy made available by the Declaratory Judgment Act and Rule 57 is intended to minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until an adversary should see fit to begin an action after the damage has accrued."[44] Neither of these situations is present here.

Count One of the SAC seeks "a declaration of the parties' respective rights, duties and obligations under the Express Warranties and other promises made by Rheem related to the quality and reliability of the Rheem Products."[45] As Rheem points out, however, Plaintiffs are already litigating these same issues in this case. Counts Two, Three, and Five state claims that Rheem breached its obligations under the express warranties and Counts Six and Seven state claims that Rheem misled them regarding the quality and reliability of its products. In light of these claims, Rheem

---

[43] *Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996).

[44] 10B WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 2751 (4th ed.)

[45] Doc. 55 at 44 ¶ 114.

argues that Plaintiffs' declaratory relief cause of action merely duplicates other claims alleged in the SAC.

Plaintiffs do not respond to Rheem's argument that their declaratory relief claim serves no distinct purpose. Instead, they point out that the existence of another remedy does not preclude an action for declaratory relief. Plaintiffs are correct that the presence of another remedy does not necessarily foreclose declaratory relief. Nevertheless, it is a factor that the district court may consider when exercising its discretion.[46] And "[d]eclaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."[47] That is the case here. Plaintiffs' declaratory relief cause of action will be dismissed.

### V. CONCLUSION

For the reasons stated above, Rheem's motion at docket 24 is **GRANTED IN PART** and **DENIED IN PART**. Count One of the Second Amended Complaint is dismissed. Rheem's motion is denied in all other respects.

**IT IS FURTHER ORDERED** that Rheem shall file its Answer within 7 days from the date this order is filed.

DATED this 7th day of September 2016.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[46] *See StreamCast Networks, Inc. v. IBIS LLC*, No. CV05-04239MMM(EX), 2006 WL 5720345, at *4 (C.D. Cal. May 2, 2006).

[47] *United States v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985).